**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

CIVIL ACTION NO. 08-279-DLB

RAYMOND DENNIS RICE                                                    PLAINTIFF


vs.                    **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                         DEFENDANT

\*   \*   \*   \*   \*   \*   \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Raymond Dennis Rice filed an application for supplemental security income (SSI) payments on June 13, 2006. (Tr. 94-100, 104). At the time of filing, Plaintiff was 57 years old and alleged a disability onset date of June 15, 1999. (Tr. 94). He alleges he is unable to work due to diabetes, arthritis, sleep apnea, and residuals following a heart attack and stroke. (Tr. 60-63, 109). His application was denied initially and on reconsideration. (Tr. 73-76, 82-84). At Plaintiff's request, an administrative hearing was conducted on October 12, 2007, by Administrative Law Judge (ALJ) Frank Letchworth. (Tr. 37-70). On December 10, 2007, the ALJ ruled that Plaintiff was not disabled and therefore not entitled

1

to SSI payments. (Tr. 17-26). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 7, 2008. (Tr. 1-12).[1]

On August 25, 2008, Plaintiff filed the instant action. (Doc. #2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #12, 13).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly,

---

[1] The Appeals Council initially denied Plaintiff's request for review on August 19, 2008. (Tr. 9-12). However, that action was set aside in order to allow the Appeals Council to consider additional information. After reviewing the new medical records provided by Plaintiff, the Appeals Council again denied review on October 7, 2008. (Tr. 1-4).

an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since applying for benefits. (Tr. 19). At Step 2, the ALJ determined Plaintiff's obesity and residuals status post transient ischemic attack to be "severe" impairments within the meaning of the regulations. (Tr. 19). At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to "perform light work" with no restrictions. (Tr. 22). Based upon this finding, the ALJ determined that Plaintiff is able to perform his past relevant work as a telephone installer, and is therefore not "under a disability" as defined by the Social Security Act. (Tr. 25).

**C.     Analysis**

Plaintiff's sole argument on appeal is that the ALJ's decision is not supported by substantial evidence. Plaintiff fails, however, to offer any argument in support of this claim. Plaintiff's Motion for Summary Judgment - which consists solely of a recitation of the law and copied portions of the ALJ's decision favorable to Plaintiff - makes no specific contentions of error beyond the general assertions that the ALJ's decision is not supported by substantial evidence, and that Plaintiff is unable to perform any substantial gainful activity.

Where, as here, a plaintiff alleges that the ALJ's decision was not supported by substantial evidence, but fails to offer any particularized, cogent argument to support his contention, the Court need not "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine . . . whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and . . . whether the Commissioner sufficiently accounted for this evidence." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Rather, the Court's inquiry is limited to those "particular points," if any, that Plaintiff "appears to raise" in his appeal. *Id.*; *see also Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002) ("Ordinarily, we will not consider issues that have not been fully developed by the briefs or in the record."; *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Because Plaintiff's motion contains no specific arguments, the Court cannot

determine if, or how, the ALJ erred. However, a review of the administrative record in conjunction with the ALJ's written opinion leads the Court to conclude that the ALJ's finding of "not disabled" is supported by substantial evidence. With regard to Plaintiff's alleged physical limitations, the ALJ noted, during the administrative hearing, that Plaintiff admitted that his primary physician has placed no exertional restrictions upon him. (Tr. 19) Likewise, Dr. Worts, a consultative examining physician who examined Plaintiff in October 2006, found 1) "no consistent objective physical evidence to suggest any neurologic deficits which would cause [Plaintiff] to have any impairment secondary to his cerebrovascular accident;" 2) "no objective evidence of congestive heart failure or other evidence that suggest any impairment secondary to this condition;" 3) "no consistent objective physical evidence to suggest any impairment secondary to diabetes mellitus;" and 4) "no restriction in daily activities, interest, ability to relate, memory and concentration." (Tr. 167).

Similarly, Dr. Baggs, a consultative psychologist, opined that Plaintiff "did not appear to be experiencing any significant psychological problems," and found that although Plaintiff "seemed to have some problems in concentration and persistence in the completion of tasks in a normal amount of time," he possessed the ability to "relate appropriately with people," and remained capable of "understand[ing] and remember[ing] simple instructions." (Tr. 181).

For all of these reasons, and in the absence of any particularized argument pointing to a specific error committed by the ALJ, the Court concludes that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence.

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #12) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. #13) is hereby **GRANTED**;

4. A judgment affirming this matter will be entered contemporaneously herewith.

This 23rd day of December, 2009.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-08-279-RiceMOO.wpd